# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2011

No. 10-60867
Summary Calendar

Lyle W. Cayce
Clerk

RICKY BURAS,

Plaintiff-Appellant

v.

HIGHLAND COMMUNITY HOSPITAL,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CV-711

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ricky Buras filed a pro se complaint in the district court, naming as defendant Highland Community Hospital (HCH), and complaining that he was denied medical treatment on June 2, 2009, and again on September 8, 2009, because of his inability to pay. The parties consented to entry of judgment by the magistrate judge. Buras has appealed the magistrate judge's order and judgment granting HCH's motion for summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60867

We review a grant of summary judgment de novo. *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 859 (5th Cir. 2004). "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citation omitted); *see also* FED. R. CIV. P. 56. Once the moving party carries its burden of showing that evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim, the burden shifts to the nonmoving party to present evidence showing that there is a genuine issue for trial. *Norwegian Bulk Transp. A/S v. International Marine*, 520 F.3d 409, 412 (5th Cir. 2008).

The magistrate judge correctly construed the complaint as asserting a claim under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd (EMTALA). *See Marshall es rel. Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 321 (5th Cir. 1998). EMTALA provides,

> In the case of a hospital that has a hospital emergency department, if any individual . . . comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an *appropriate medical screening examination* within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition . . . exists.

§ 1395dd(a) (emphasis supplied). An "emergency medical condition" is defined to mean:

> a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in—
>
>> (i) placing the health of the individual . . . in serious jeopardy,
>>
>> (ii) serious impairment to bodily functions, or

(iii) serious dysfunction of any bodily organ or part . . . .

§ 1395dd(e)(1)(A). If the screening examination reveals that the individual is suffering from an emergency medical condition, the individual must be provided with stabilizing treatment; conditions are imposed on the transfer of the individual to another medical facility. § 1395dd(b) & (c); *see also Battle ex rel. Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 557-59 (5th Cir. 2000) (discussing and applying EMTALA requirements).

EMTALA was enacted to prevent "'patient dumping,' which is the practice of refusing to treat patients who are unable to pay." *Marshall*, 134 F.3d at 322. It "was not intended to be used as a federal malpractice statute." *Id.* "Accordingly, an EMTALA 'appropriate medical screening examination' is not judged by its proficiency in accurately diagnosing the patient's illness, but rather by whether it was performed equitably in comparison to other patients with similar symptoms." *Id.* (citations omitted). If an "appropriate medical screening examination" is provided and the claimant's condition is determined not to be an emergency, the hospital is not liable under EMTALA, even in the event of a misdiagnosis that would subject a provider to liability in a malpractice action brought under state law. *Id.* An "appropriate medical screening examination" is "a screening examination that the hospital would have offered to any other patient in a similar condition with similar symptoms." *Id.* at 323.

To avoid summary judgment, Buras had to present evidence showing that there was a genuine issue of material fact whether HCH had provided an EMTALA-appropriate medical examination. *See id.* Buras also had to show that HCH had actual knowledge that he was suffering from an emergency medical condition. *See Battle*, 228 F.3d at 559.

HCH presented summary judgment evidence that Buras received appropriate medical screening examinations on both of his visits to the HCH emergency department (ER). Buras failed to present any evidence rebutting HCH's evidence of this essential element of his EMTALA claim. *See Marshall*,

134 F.3d at 324; *see also Norwegian Bulk Transp.*, 520 F.3d at 412. Moreover, HCH presented evidence that Buras did not have an emergency medical condition on either of his visits to the HCH Emergency Department. The fact that a physician at another hospital prescribed an antibiotic at the time of the first visit is not sufficient to create a genuine issue whether Buras received an inadequate medical screening and had an emergency medical condition on that date. *See Battle*, 228 F.3d at 557-58; *Marshall*, 134 F.3d at 324-25.

Buras contends in conclusional fashion that, by granting the motion for summary judgment, the magistrate judge denied his constitutional right to trial by jury and to confront adverse witnesses. This issue has not been briefed, it is waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

In asserting that he was treated disparately, Buras notes that he presented the same symptoms on both of his visits to HCH, but that he received a different treatment for his condition on the second visit. The question is not whether the treatment was different, but whether the same adequate medical screening examination was offered under similar circumstances. *See Battle*, 228 F.3d at 557-58; *Marshall*, 134 F.3d at 323-24. As Buras's condition was determined to be non-emergent, differences in the treatment rendered are not material to Buras's EMTALA claim. *See Marshall*, 134 F.3d at 324-25; § 1395dd(b).

Buras also complains that summary judgment was granted before discovery was completed. A party may move for summary judgment "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Buras does not state what additional discovery was necessary or uncompleted. As there was no reason to believe that further discovery would have produced evidence creating a genuine issue of material fact, the magistrate judge did not abuse his discretion by precluding further discovery before granting summary judgment. *See Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993). The judgment is

No. 10-60867

AFFIRMED.